UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 25, 2015

Randy Stonesifer
P.O. Box 72
Taneytown, MD 21787

Randy Stonesifer
2357 Mayberry Rd.
Westminster, MD 21158

Stacey Winakur Harris
Social Security Administration
6401 Security Blvd Rm 617
Baltimore, MD 21235

     RE:   *Randy Stonesifer v. Commissioner, Social Security Administration*;
           Civil No. SAG-13-3885

Dear Mr. Stonesifer and Counsel:

     On December 24, 2013, Plaintiff Randy Stonesifer petitioned this Court to review the Social Security Administration's final decision to deny his application for Disability Insurance Benefits. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 25). Plaintiff, who appears *pro se*, has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

     Mr. Stonesifer protectively filed his application on October 18, 2010. (Tr. 100, 200-01). He alleged a disability onset date of March 5, 2009. (Tr. 200). His application was denied initially and on reconsideration. (Tr. 122-26, 140-24). A hearing was held on February 28,

---

[1] Mr. Stonesifer was represented by counsel at the time that he filed this petition for review. Prior to the deadline for his summary judgment motion, Mr. Stonesifer's counsel withdraw, because Mr. Stonesifer disagreed with his counsel's recommendation that the appeal be dismissed. (ECF Nos. 16, 17, 18). After the Commissioner filed her Motion for Summary Judgment on December 22, 2014, a Rule 12/56 letter was mailed to Mr. Stonesifer the next day, advising him of the potential consequences of failure to oppose the Commissioner's motion. (ECF Nos. 25, 26). Upon noting an additional address in the file, a copy of the Rule 12/56 letter was mailed again to Mr. Stonesifer on January 23, 2015. (ECF No. 27). Nevertheless, Mr. Stonesifer has not filed any substantive documents to support his appeal or to oppose the Commissioner's motion.

*Randy Stonesifer v. Commissioner, Social Security Administration*
Civil No. SAG-13-3885
February 25, 2015
Page 2

2013, before an Administrative Law Judge ("ALJ"). (Tr. 31-91). Following the hearing, the ALJ determined that Mr. Stonesifer was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-25). The Appeals Council denied Mr. Stonesifer's request for review, (Tr. 3-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Stonesifer suffered from the severe impairments of obesity, degenerative disc disease of the lumbar spine, and facet osteoarthritis. (Tr. 16). Despite these impairments, the ALJ determined that Mr. Stonesifer retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he needs to avoid climbing rope, ladder, scaffolding and poles and crawling. The claimant can occasionally operate hand/arm levers and cranks with his right upper extremity and foot/leg pedals and levers with his right lower extremity but has no limitations working with buttons or knobs, can occasionally climb stairs, occasionally stoop, and can sustain occasional concentrated exposure to extreme cold. In addition, due to the claimant's pain, weight and medication side effects, he needs to avoid working around or with hazardous machinery, in high exposed places, around fast moving machinery on the ground, with sharp objects and with toxic or caustic chemicals.

(Tr. 17-18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Stonesifer could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 23-25).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Stonesifer's favor at step one and determined that he has not engaged in substantial gainful activity since his alleged onset date. (Tr. 16); *see* 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Mr. Stonesifer claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Mr. Stonesifer's impairments were severe. (Tr. 16-17). After finding at least one of Mr. Stonesifer's impairments severe, the ALJ continued with the sequential evaluation and considered, at step four, whether Mr. Stonesifer's impairments limited his ability to work. Although the ALJ's step four analysis of Mr. Stonesifer's non-severe impairments was arguably cursory, after a thorough evaluation of the record, I find no evidence

that Mr. Stonesifer's non-severe impairments – alleged left wrist protrusion, bipolar disorder, hypertension, hyperlipidemia, gout, and status post left elbow fracture – resulted in any functional limitations. Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Stonesifer's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 17). The ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. 1 §1.04. Notably, no medical source has opined that Mr. Stonesifer's impairments met any listing, and I agree that no listings are met.

In considering Mr. Stonesifer's RFC, the ALJ summarized Mr. Stonesifer's subjective complaints. (Tr. 18). The ALJ also reviewed the medical records, noting that prior to a March 2012 work related accident, Mr. Stonesifer denied having any previous injuries or problems with his back, which the ALJ found to be inconsistent with his alleged disability onset date. (Tr. 19). Moreover, the ALJ found that Mr. Stonesifer's ability to "pull parts and perform a full time job," during which he suffered the March 2012 injury, was inconsistent with his allegations in support of his claim for disability. *Id.* Finally, the ALJ noted that treatment notes from October 2012 indicated Mr. Stonesifer had "recovered from his March 2012 injury, could perform normal work, did not have restrictions and did not have residuals from his injury," which supported "less than a 12-month period of duration for his back condition." (Tr. 21); *see* 20 C.F.R. § 404.1509 (setting forth the durational requirement that, to be disabling, an impairment must be expected to result in death, or it must last or be expected to last for at least 12 months). Finally, the ALJ considered all of the opinion evidence in the record, including the reports of treating physicians, State agency medical consultants, and consultative examiners, in assessing Mr. Stonesifer's RFC.

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision, and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Stonesifer's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Mr. Stonesifer was unable to perform his past relevant work. Accordingly, the ALJ proceeded to step five, where she considered the impact of Mr. Stonesifer's age and level of education on his ability to adjust to new work. (Tr. 23-24). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.18, the ALJ correctly found that a younger individual with limited or less education and a light RFC is not disabled *per se*. (Tr. 24). Since Mr. Stonesifer's RFC assessment contained additional limitations which impeded his ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs exited in the national economy that were suited to Mr. Stonesifer's particular assessment. (Tr. 84-89). The VE testified that a person with Mr. Stonesifer's RFC would be capable of

*Randy Stonesifer v. Commissioner, Social Security Administration*
Civil No. SAG-13-3885
February 25, 2015
Page 4

performing the jobs of line bakery worker, machine egg washer, potato chip sorter, semi-conductor bonder, nut sorter, and final assembler. *Id.* Based on the VE's testimony, the ALJ concluded that Mr. Stonesifer is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 24). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's Motion for Summary Judgment (ECF No. 25) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge